IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIO PEREZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-75 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Julio Perez, Jr., a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Petitioner alleges he was denied due process because: (1) he was excluded from the disciplinary hearings; and (2) prison officials failed to follow prison procedures for reporting the

disciplinary infractions. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action results in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). Generally, the only sanction that imposes upon a liberty interest is the loss of good time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). In this case, the magistrate judge found petitioner was not entitled to due process, because he is ineligible for release on mandatory supervision. Because the disciplinary sanctions imposed in this case do not impose upon a liberty interest, both of petitioner's due process claims lack merit.

In his objections, petitioner acknowledges that he is ineligible for mandatory supervision, but argues the disciplinary conviction could affect future parole determinations. This argument lacks merit. "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." *Allison v. Kyle*, 66 F. 3d 71, 74 (5th Cir. 1995). A potential delay in parole does not support a constitutional claim because there is no constitutional expectation of release on parole in Texas. *Malchi*, 211 F.3d at 957.

Petitioner contends prison officials violated prison policies by failing to properly report the disciplinary infractions and by excluding him from the disciplinary hearings. However, the failure of prison officials to follow prison policies does not rise to the level of a constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012).

Finally, petitioner requests an evidentiary hearing. Because there are no material facts in dispute, an evidentiary hearing is not necessary in this case.

2

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are

not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 4th day of August, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE